MORRISON BOND COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93362, 95986. Promulgated March 28, 1940.

*Dana Latham, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

Hill: In these proceedings, duly consolidated for hearing, petitioner appeals from the determination by respondent of deficiencies in income and excess profits taxes as follows:

| Docket No. | Year | Income tax | Excess profits tax |
|---|---|---|---|
| 93362 | 1934 | $372.70 | None |
| 93362 | 1935 | 1,290.82 | $469.39 |
| 95986 | 1936 | 1,916.43 | 10.66 |

The sole issue submitted for decision in each proceeding is whether or not certain interest received by petitioner during the taxable years from bonds issued by various California municipalities under various California improvement acts is subject to Federal income tax.

In the petition filed in Docket No. 95986, it was alleged that respondent erred in failing to deduct from net income in computing income tax for the year 1936 either the excess profits tax accrued in 1936 or the sum of $266.92 representing excess profits tax accrued for 1935 and paid in 1936. In that connection, the parties have now stipulated that petitioner's taxable income for 1936, as determined by respondent, should be reduced by such sum of $266.92, and thus have settled the issue raised on that point. The stipulation will be given effect in the recomputation on final settlement.

The parties have also stipulated that the amount of $9,219.02 added to taxable income by respondent for the year 1935 as interest received on "California Street Improvement Bonds" should have been $9,337.03. This stipulation likewise will be reflected in the recomputation on final settlement.

All facts were stipulated by the parties in a written stipulation filed at the hearing, and the stipulation is here adopted in full as our findings of fact, but reference is made thereto only in so far as deemed necessary to a discussion of the issue presented.

Petitioner is a corporation organized under the laws of California, with its principal office at Los Angeles.

For the years 1934, 1935, and 1936 respondent included in petitioner's income subject to the Federal income tax amounts representing interest received by petitioner in each of the respective years upon bonds issued by various California municipalities under various California improvement acts, which amounts petitioner had omitted from the income reported in its returns as subject to the Federal income tax on the theory that they were exempt from such tax. The total amounts so included by respondent and the amounts in controversy are as follows:

| Act | 1934 | 1935 | 1936 |
|---|---|---|---|
| California Improvement Act of 1893, approved February 27, 1893 | | $224.42 | |
| California Road District Improvement Act of 1907, approved March 21, 1907 | $2.83 | 291.33 | $258.07 |
| California Improvement Act of 1911, approved April 7, 1911 | 3,307.39 | 6,786.50 | 6,355.81 |
| Claifornia Boundary Line Act of 1911, approved April 21, 1911 | 79.24 | 425.47 | 271.51 |
| California Street Opening Bond Act of 1911, approved April 27, 1911 | 102.45 | 733.10 | 98.58 |
| California County Water Works District Act of 1913, approved June 13, 1913 | | | 141.80 |
| California Municipal Improvement District Act of 1915, approved April 20, 1915 | | 373.69 | 853.63 |
| California Improvement Bond Act of 1915, approved June 11, 1915 | 207.10 | 101.98 | 495.39 |
| California Drainage Improvement District Act of 1919, approved May 18, 1919 | 3.50 | | 137.92 |
| California County Improvement Act of 1921, approved June 3, 1921 | 31.34 | | 1,404.75 |
| California County Sanitation District Act of 1923, approved May 29, 1923 | 7.19 | | 124.86 |
| California Acquisition and Improvement Act of 1925, approved May 23, 1925 | 35.08 | 376.08 | 1,994.27 |
| Total amount in controversy | 3,776.12 | 9,312.57 | 12,136.59 |
| Total amount included in income by respondent | 3,785.94 | [1] 9,337.03 | [2] 12,351.11 |

[1] Respondent added to taxable income for the year 1935 an item designated in the deficiency letter as "Interest received on California Street Improvement bonds—$9,219.02", but this item, the parties have stipulated, should have been $9,337.03, and petitioner's taxable income as disclosed in the deficiency letter should be increased by the difference between the sums stated, or by the amount of $118.01.

[2] Petitioner included in its gross income reported for the year 1936 the amount of $12,351.11, but took credit therefor in determining net income subject to Federal income tax. The amount having been included by petitioner in net income subject only to the excess profits tax, respondent restored the amount in full to taxable income for the purpose of the computation of both normal tax and surtax.

The question of whether or not interest received on bonds issued under certain of the California improvement acts involved in these proceedings was considered by us in *District Bond Co.*, 39 B. T. A. 739, and it was there held that interest received on bonds issued under the Improvement Act of 1911, the Street Opening Bond Act of 1911, and the County Improvement Act of 1921 was subject to Federal income tax. In the same case it was held that interest received on bonds issued under the Road District Improvement Act of 1907, the Municipal Improvement District Act of 1915, the Improvement Bond Act of 1915, and the Acquisition and Improvement Act of 1925 was not subject to Federal Income tax. In *Susanna Bixby Bryant*, 38 B. T. A. 618, we held that interest on bonds issued under the California Improvement Act of 1893 was subject to Federal income tax. The California Boundary Line Act of 1911 provided for the issuance of bonds under the terms of the California Improvement Act of 1911, and the interest on such bonds was held subject to the tax in question in *District Bond Co., supra*, and in *Milo W. Bekins et al., Executors*, 38 B. T. A. 604. On authority of the cited decisions, we here make a like ruling in respect of the taxability of interest received by petitioner on bonds issued under the respective California improvement acts mentioned above in this paragraph.

There remains for consideration the question of whether or not interest is subject to the Federal income tax when received on bonds issued under the California County Water Works District Act of

1913, the California Drainage Improvement District Act of 1919, or the California County Sanitation District Act of 1923.

Petitioner contends, first, that the interest in controversy is exempt from Federal income tax under the provisions of section 22 (b) (4) of the Revenue Acts of 1934 and 1936.[1] This contention can be sustained only if it appears that the bonds, on which the interest in controversy was received, constituted obligations of the State of California, or of any political subdivision thereof.

There is no question raised here that any of the improvement districts referred to were not political subdivisions of the State of California within the meaning of the taxing acts, but the issue is whether or not the bonds in controversy were obligations of such districts.

The bonds issued under the California County Water Works District Act of 1913, we think, are shown clearly enough to have been obligations of the respective water districts. These bonds contained the following pertinent provisions:

For value received, _____ Water District situated or principally situated in the County of _____, State of California, promises to pay the holder hereof at the office of the treasurer of said district, on the ____ day of _____, 19__, the sum of _____ dollars in gold coin of the United States, with interest in like gold coin at the rate of ____ per centum per annum, payable at the office of the said treasurer semi-annually, on the __ day of _____, and the _____ day of _____ in each year, on presentation and surrender of the interest coupons hereto attached.

   *        *        *        *        *        *        *

In witness whereof the said district, by its board of directors, has caused this bond to be signed by the president of said board and attested by the secretary of said district, with the seal of the district attached, this _____ day of _____, 19__.

Since the bonds issued under the California County Water Works District Act of 1913 represented direct and unconditional obligations of a political subdivision of the State of California, respondent erred in including in petitioner's income the interest received by it on such bonds in 1936.

The bonds issued under the California Drainage Improvement District Act of 1919 recited that under and by virtue of such Act, the County of ————, State of California, would pay to the bearer, out of the fund thereinafter designated, at the office of the treasurer of the county on the date stated, a specified sum in gold

---

[1] SEC. 22. GROSS INCOME.

   *       *       *       *       *       *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

   *       *       *       *       *       *       *

(4) TAX-FREE INTEREST.—Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; * * *

coin of the United States, with interest payable semiannually at a stated rate. It was further provided that:

This bond is payable out of Drainage District Improvement No. _____ interest and sinking fund exclusively, as the same appears on the books of the treasurer of said county, and neither said county nor any officer thereof shall be holden for its payment otherwise.

Thus, these bonds created an obligation on the part of the county to pay the amount stated in each bond, subject only to the qualification that payment should be made out of a designated fund, and neither the county nor any officer thereof should be holden for payment otherwise. It will be noted that the holder of a bond was given no right to proceed against any of the property benefited, or the owners thereof, to enforce payment in case of default. The qualifications mentioned do not take the bonds out of the classification of real obligations of the county. Cf. *Michael Pontarelli*, 35 B. T. A. 872; affd., 97 Fed. (2d) 793.

We are therefore of the opinion, and so hold, that bonds issued under the Drainage Improvement District Act of 1919 constituted obligations of a political subdivision of the State of California. The provisions of these bonds, as shown by the stipulation of the parties, were in all material respects substantially similar to those contained in bonds issued under the California Acquisition and Improvement Act of 1925, interest on which we have heretofore held to be not subject to Federal income tax. For a more extended discussion of the facts and reasons leading to such conclusion, see *Milo W. Bekins et al., Executors, supra* (38 B. T. A. 604, at pages 613–616). Respondent's action in including in taxable income interest received by petitioner in 1934 and 1936 on bonds issued under the California Drainage Improvement District Act of 1919 is disapproved.

The bonds issued under the California County Sanitation District Act of 1923 contained the following material provisions:

County Sanitation District No. _____ of Los Angeles County, * * * for value received, hereby acknowledges it is indebted and promises to pay to the bearer of this Bond on the first day of June at the office of the County Treasurer in the county of Los Angeles, State of California, * * * the sum of _____ dollars ($_____) in lawful money of the United States, with interest thereon at the rate of three and one-half per cent (3½%) per annum * * * on presentation and surrender of the interest coupons hereto attached until this Bond is fully paid.

* * * * * * *

This Bond is in the form prescribed by the resolution of the Board of Directors of County Sanitation District No.   of Los Angeles County, and the money for the redemption of this Bond and the payment of interest thereon shall be derived from the annual tax upon the taxable real property in said district and all of the said property in said district shall be and remain liable to be taxed for such payments. This Bond shall be a lien upon the real property in County Sanitation District No.   of Los Angeles County.

We encounter no difficulty in concluding that the bonds issued under the County Sanitation District Act of 1923 constituted direct obligations of a political subdivision of the State of California. Bonds containing similar provisions were considered at length in our prior decisions hereinabove cited, which require no elaboration here. We hold, therefore, that respondent erred in including in petitioner's taxable income interest received by it on such bonds in the years 1934 and 1936.

Petitioner urges the further contention that if any provision of the applicable revenue acts requires the taxation of any of the bond interest involved in these proceedings, such provision is void as offending the Constitution of the United States. Counsel for petitioner complains that the constitutional question was argued at length on brief in the *Bekins* case, *supra*, but in its opinion the Board made no reference to such argument.

As petitioner assumes our view to be, it is apparent that if the bonds in question were "obligations" of the issuing municipalities within the meaning of the taxing acts, the interest is exempt from taxation under such statutes and it is unnecessary to consider the question of any implied constitutional exemption; and if the bonds are not such "obligations" the implied constitutional limitation on the power of the Federal Government to tax an obligation or instrumentality of a state, or political subdivision thereof, does not apply. But petitioner argues that the interest on all of the bonds involved here is exempt from Federal income tax regardless of whether or not such bonds are "obligations" of the issuing municipality within the strict meaning of the term as used in the statutes.

Obviously, of course, this question is purely academic in respect of the bond interest hereinabove held not subject to income tax. As to all other interest above held taxable, since the bonds were not obligations of the state or any of its political subdivisions, the tax lays no burden *directly* upon a state instrumentality. However, it is the substance of petitioner's contention that to sustain the tax would be to impose *indirectly* a burden upon political subdivisions of the state in the construction of public improvements. The assertion that a Federal tax casts an *indirect* burden on the borrowing power of the state can not be sustained unless it clearly appears that the burden is real and substantial. *Willcuts* v. *Bunn*, 282 U. S. 216. No such showing in respect of the tax involved is made or attempted to be made in the present case. Where the effect of the tax is remote and indirect, its validity is not impaired by reason of any implied constitutional restriction. See *Standard Investment Co.*, 36 B. T. A. 156, 159, and authorities cited. "There are cogent reasons why any constitutional restriction upon the taxing power granted to Congress,

so far as it can be properly raised by implication, should be narrowly limited." *Helvering* v. *Gerhardt*, 304 U. S. 405. We are not impressed by petitioner's argument on this point.

*Decisions will be entered under Rule 50.*